Hinkle, J.
Petitioner, Gary White, brings this request for habeas corpus relief based on allegations that the Massachusetts Parole Board (“the Board") improperly revoked his parole. Petitioner alleges that defendant Lynn Bissonnette, Superintendent of Southeastern Correctional Center, is confining him illegally and requests immediate release. On the basis of an evidentiary hearing held on April 12,19951 agree that petitioner’s parole was revoked on an improper basis.
BACKGROUND
Petitioner was convicted on October 29, 1987 of armed robbery and sentenced to 12 years in prison. In September 1989 he was released on parole. His release contained seven standard and four special conditions. He understood that if he violated any condition, his parole could be revoked. After his release, petitioner married and lived with his wife, Georgina, and her children, Melany (age 3), Matthew (age 4) and Marlene (age 5). Petitioner worked at Industrial Precision Coatings, Inc. until he injured his back on May 19, 1992.
Early in 1990 petitioner and his wife noticed a change in Melany’s behavior and consequently took her for a sexual abuse evaluation. Although the evaluation was inconclusive, the Massachusetts Department of Social Services (DSS) took the three children from the White’s home on April 25, 1990 and placed them in foster care. In April 1991, DSS filed a report pursuant to G.L.c.119, §§51A and 51B alleging that petitioner had sexually molested the children.[3] The DSS told White in July of 1992 that if he moved out of the home, they would allow the children to return to their mother. White then informed his parole officer of the §51A report and DSS’s request that he move.
As a result, on August 31, 1992 White’s parole officer notified him that a preliminary revocation hearing had been scheduled. From August 31 to September 30, 1992 White remained on parole. The preliminary revocation hearing was held September 10, 1992. On September 30, 1992 White was arrested and returned to Massachusetts Corrections Institution at Concord (MCI-Concord) to await a final revocation hearing.
White’s final hearing was held November 19, 1992. In addition to the testimony of petitioner and his wife, the Parole Board considered the Parole Violation Report, the parole officer’s “Running Records,” documents from DSS, and the Preliminary Hearing Summary. The Board’s voting sheet shows that one board member affirmed revocation based on the DSS report, and two members affirmed revocation based on noncompliance with, and violation of, a DSS directive.
White never received copies or a summary of the DSS report. According to Parole Board regulations, parolees must be provided with all evidence which the Board uses to find a parole violation. Mass.Regs.Code tit. 120, §303.23(6) (1993). Information deemed confidential by the Board must be provided in summary form to the parolee. Id. §303.23(6)(b).
The Board sent White notification on November 23, 1992 that his parole had been revoked. He was then transferred to the Southeastern Correction Center in Bridgewater.
DISCUSSION
Petitioner argues that his parole revocation was improper and illegal, and that he therefore must be granted a new hearing. Because I find that the Parole Board violated its own rules and the petitioner’s constitutional rights, I agree and order the Board to grant White a new final revocation hearing.
The Parole Board has an affirmative duty to disclose to a parolee whose status is under review all evidence which the Board may use in its final parole revocation decision. Mass.Regs.Code tit. 120, §303.23(6) (1993). Where the Board determines that documents are confidential, the Board must tell the parolee of their existence. Id. §303.23(6)(b). The Board must also provide the parolee with a summary of the information in the documents. Id. Information not disclosed to the parolee cannot be used by the Board in determining the parolee’s status. Id.
In this case, the Board based petitioner’s parole revocation on confidential information from DSS. However, the Board neglected to provide White with the DSS reports or even a summary of the information contained in them. The Board, therefore, under its own rules and fundamental constitutional rights, should not have used this information against petitioner. The revocation hearing was improper, entitling petitioner to a new final revocation hearing conducted in conformity with his constitutional and statutory rights.[4]
Petitioner also claims that he was entitled to appointed counsel at his final revocation hearing. Under Mass.Regs.Code tit. 120, §303.23(7) (1993), parolees are entitled to representation of counsel at a final revocation hearing. Id. If a parolee inquires about representation, the Board’s customary practice is to help the parolee find counsel. See Exhibit 4, Mass. Parole Board, Final Parole Revocation Hearing Notice, ¶4. The Board does not provide funding for a parolee’s counsel.
Although counsel is not required at all revocation hearings, counsel should presumptively be provided where a parolee denies the alleged violation. Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973). The right to counsel should be determined on a case-by-case basis. Id. The need for appointed counsel is greater where issues involve something for which an attorney is required, see id. at 786 (noting that due process rights granted by Morrissey v. Brewer, 408 U.S. 471 *566 (1972), may be meaningless without skills which a parolee is unlikely to possess). Although the State is not required to appoint counsel, id. at 787, in certain cases constitutional due process requires that, the State subsidize counsel for indigent parolees. Id. at 790.
In this case, White was charged with conduct which could have resulted in a criminal offense being lodged against him. Moreover, he was confronted with confidential DSS information used against him. In this case, counsel would have been better able than petitioner to locate witnesses and analyze issues presented by the 51A and 51B reports. These circumstances give rise to the need for counsel.[5]
Massachusetts provides parolees with legal representation if the parolee is deemed indigent by the Commonwealth. Exhibit 7, Affidavit of Commissioner of Probation Donald Cochran, ¶2. Indigence is determined on the basis of information on a Determination of Indigency Report. Id. ¶3.
Here the Board neglected to make clear to petitioner that he should seek counsel. I find that had petitioner been so informed, he would have requested counsel, thus raising the presumption articulated in Gagnon. I therefore order the Board to determine before the new hearing whether White is indigent. If so, White is to be provided counsel. I make this ruling because of the criminal nature of petitioner’s alleged parole violation, the confidential nature of the DSS reports, the fact that the petitioner denied the DSS allegations, the presence of issues requiring assistance of counsel, and petitioner’s lack of sophistication.
As stated above, petitioner brings this action as a request for habeas corpus relief. Relying on Massachusetts Parole Bd. v. Brusgalis, 403 Mass. 1010 (1989), respondents assert that declaratory rather than habeas corpus relief is the proper form of relief because petitioner is not entitled to immediate release. On this point I agree with respondents. Declaratory relief is appropriate when a parole revocation is challenged. Id. at 1011.
During closing argument on his motion, the petitioner stated that declaratory relief may allow respondents to hold him without a new hearing while the Commonwealth appeals this decision. I direct the Parole Board to ensure that a new final revocation hearing is held within 60 days of this decision, whether or not an appeal is taken. See Mass.Regs.Code tit. 120, §303.18(1) (1993).
ORDER
For the foregoing reasons I REVERSE the Parole Board’s final revocation decision. Judgment is to enter for the petitioner.

DSS forwarded the report to the Plymouth County District Attorney’s Office. The District Attorney has not brought criminal charges against White.

Petitioner raises a number of other assertions which I need not reach because I find that petitioner is entitled to a new hearing on the basis of the Board’s failure to adhere to its own regulations.

In addition, the Board should have known from the petitioner’s record that he would be unable to defend himself adequately against the allegations. At minimum, the Board should have recommended that petitioner have counsel, and helped him obtain counsel.